IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL WINFIELD,

        Plaintiff,

vs.

ELENA RAPPOPORT, et al.,

        Defendants.

        No. 2:13-cv-0587 EFB P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

For the reasons explained below, the court finds that plaintiff has not demonstrated he is eligible to proceed *in forma pauperis*. A prisoner may not proceed *in forma pauperis*,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). On at least three prior occasions, plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* (1) *Winfield v. Suliven*, 2:01-cv-0828 LKK EFB P (E.D. Cal.

1

Apr. 16, 2008) (order dismissing action for failure to state a claim); (2) *Winfield v. Downing*, 2:06-cv-0391 GEB JFM P (E.D. Cal. Mar. 16, 2007) (order dismissing action for failure to state a claim); and (3) *Winfield v. Katcher*, 2:03-cv-2064 GEB GGH P (E.D. Cal. June 24, 2005) (order dismissing action for failure to state a claim). *See also Winfield v. Rappoport*, 2:12-cv-2387 GGH P, 2012 U.S. Dist. LEXIS 141978 (E.D. Cal. Oct. 1, 2012) (order designating plaintiff as a three strikes litigant under 28 U.S.C. § 1915(g)); *Winfield v. Schwarzenegger*, 2:09-cv-0636 KJN P, 2011 U.S. Dist. LEXIS 6981 (E.D. Cal. Jan. 25, 2011) (same).

Further, it does not appear that plaintiff was under imminent threat of serious physical injury when he filed the complaint. *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. Cal. 2007) (section 1915(g) imminent danger exception applies where complaint makes a "plausible" allegation that prisoner faced imminent danger of serious physical injury at the time of filing). In the complaint, plaintiff seeks $35 million in damages based on allegations that defendants forced plaintiff to take a psychiatric drug, to which plaintiff is allergic. Dckt. No. 1. Plaintiff's allegations do not demonstrate that he suffered from imminent danger of serious physical injury at the time he filed his complaint. Thus, the imminent danger exception does not apply.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis* (Dckt. No. 2) is denied; and

2. The Clerk of the Court shall randomly assign a United States District Judge to this action.

Further, it is hereby RECOMMENDED that this action be dismissed without prejudice to re-filing upon pre-payment of the $350 filing fee. *See* 28 U.S.C. §§ 1914(a), 1915(g).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
2  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
3  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
4  Dated: April 4, 2013.

        EDMUND F. BRENNAN
        UNITED STATES MAGISTRATE JUDGE